J-S52018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES CARLTON MARSHALL, JR. | |
| Appellant | No. 160 MDA 2017 |

Appeal from the Judgment of Sentence December 19, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0008139-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 08, 2017**

James Carlton Marshall, Jr., appeals from his judgment of sentence, entered in the Court of Common Pleas of York County, following the entry of a negotiated guilty plea to Driving under Suspension-DUI related with Blood Alcohol Content (BAC) .02 or higher[1] and DUI:  High Rate of Alcohol (BAC .10-.16),[2] Tier 2, 2nd Offense.[3]  After careful review, we quash the appeal.

On April 21, 2016, Marshall entered a guilty plea to the above-stated offenses.  Sentencing was deferred pending completion of a drug and alcohol evaluation.  On June 1, 2016, the court sentenced Marshall on the DUI-suspension charge to 90 days in York County Prison, a $1,000 fine and costs

---

[1] 75 Pa.C.S. § 1543(b)(1.1)(i) (summary offense).

[2] Marshall's BAC registered a .121.

[3] 75 Pa.C.S. § 3802(b) (misdemeanor).

and a consecutive sentence for the DUI-high rate charge of 6 months of intermediate punishment (IP) to be spent on electronically monitored house arrest with electronic alcohol monitoring. Marshall filed a *nunc pro tunc* motion to withdraw his plea on July 1, 2016, claiming that there was a manifest injustice because he did not knowingly, intelligently, and voluntarily enter his plea based upon the United States Supreme Court's decision, **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016).[4] Following a hearing, the court granted the motion on August 25, 2016, vacated Marshall's DUI-high rate sentence, released him, and scheduled a pretrial conference for October.[5] On September 6, 2016, the Commonwealth filed a motion to reconsider the court's order granting Marshall's request to withdraw his guilty plea due to the trial court's lack of jurisdiction.

On September 7, 2016, the trial court granted the Commonwealth's motion, finding that it lacked jurisdiction to grant Marshall's motion to

_____

[4] On June 23, 2016, the United States Supreme Court decided **Birchfield**, in which it invalidated any criminal sanction assessed for refusing to submit to a blood test in the absence of a warrant. The Court determined that with regard to blood tests, the police must either seek a warrant or show exigent circumstances. As a result, the Court held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." **Id.** at 2186. In the case where a motorist is not prosecuted for refusing a test but rather has submitted to a test where the police gave inaccurate information that the law required submission, the Court remanded the case to the state court to "reevaluate the motorist's consent given the partial inaccuracy of the officer's advisory." **Id.**

[5] Because Marshall's DUI-high rate sentence was vacated and he had already served two months of his sentence for the license suspension charge, he was immediately released.

withdraw, vacated its prior August 25, 2016 order, and reinstated Marshall's sentence effective as of the original sentencing date. At a December 19, 2016 hearing for an alleged violation of the IP portion of his sentence,[6] counsel indicated that Marshall never received notice of his reinstated sentence. At the conclusion of the hearing, the court noted that Marshall's "sentence [had] previously been reinstated" and permitted Marshall ten days to file a *nunc pro tunc* post-sentence motion. **See** N.T. IP Punishment Violation Hearing, 12/19/2016, at 7-8. No post-trial motions were filed.

On January 18, 2017, Marshall filed a notice of appeal from the December 19, 2016 order reinstating his judgment of sentence. On March 27, 2017, Marshall filed a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. On appeal, Marshall presents the following issues for our consideration:

(1) The trial court erred when it vacated its prior order granting [Marshall's] post-sentence motion to withdraw plea *nunc pro tunc* when[:] [a] the U.S. Supreme Court's holding in ***Birchfield v. North Dakota*** was decided within the 30-day deadline before the court lost jurisdiction[;] [b]

_____

[6] On November 18, 2016, the York County Adult Probation and Parole Department filed a motion to revoke Marshall's IP, claiming that he violated the conditions of his supervision by: (1) failing to report to the Probation Officer for his scheduled appointment; (2) failure to pay court costs/fees; (3) committing public drunkenness and disorderly conduct; and (4) failing to provide the Probation Office with verification that he completed DUI Education classes. At the hearing, counsel indicated that his office failed to give Marshall notice of the court's reinstatement of his guilty plea as a defense to the claim that Marshall had violated the term of his IP, where Marshall no longer thought that that sentence was still effective and believed he was released and would be going to trial.

denying his request constitutes a manifest injustice because the evidence against him was obtained in violation of the 4th Amendment of the United States Constitution[;] and [c] the *Birchfield* decision makes [Marshall's] plea unknowing and involuntary under the circumstances all of which "demonstrate sufficient cause" for filing the Motion more than 10 days after sentencing and that *Birchfield* constitutes an "extraordinary circumstance[]" which "excuse[s] the tardiness."

(2)     The trial court erred by determining that it lacked the jurisdiction to grant [Marshall's] Post-Sentence motion to withdraw plea *nunc pro tunc* as the U.S. Supreme Court's holding in *Birchfield v. North Dakota* "demonstrate[s] sufficient cause" for filing the Motion more than 10 days after sentencing and that *Birchfield* constitutes an "extraordinary circumstance[]" which "excuse[s] the tardiness."

Defendant's Brief, at 4.

In reinstating Marshall's sentence, the court noted:

In the instant case, the [Defendant] had not properly preserved the issue of the voluntariness of the blood draw at all stages of adjudication.  Therefore, this court was without jurisdiction to decide  . . .  [Defendant's] motion to withdraw the guilty plea.

Here, *Birchfield* is a new rule of law, but the Supreme Court did not declare its ruling only to be prospective.  Therefore, as the case law states, in order for the *Birchfield* rule to be applied retroactively, the issue in question would had to have been preserved at all stages of adjudication.  Here, the issue of the voluntariness of the blood draw was not properly preserved at all stages of adjudication.  Further, the post-sentence motion was untimely, and the court's order to withdraw the guilty plea was 86 days after sentencing.  The motion to withdraw the guilty plea was more than 10 days after sentencing.  In fact, it was approximately 31 days [after].

Trial Court Opinion, 4/26/2017, at 5.

We disagree with the trial court's waiver analysis.  The court concludes

that Marshall has waived this issue on appeal for failing to raise it either at

his plea colloquy or during sentencing. To apply the waiver doctrine would ignore the reality that the issue in **Birchfield** did not arise prior to or during the entry of Marshall's plea and sentencing. Here, **Birchfield** was not decided until 21 days *after* Marshall was sentenced. **See Commonwealth v. Geschwendt**, 454 A.2d 991, 999 (Pa. 1982) ("[A] party whose case is pending on direct appeal is entitled to the benefit of changes in law which occurs before the judgment becomes final.").[7]

However, while Marshall may not have waived the issue, before addressing his claim we must first establish that we have jurisdiction over this appeal.

Pursuant to Pa.R.Crim.P. 720, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). If a defendant does not file a timely post-sentence motion, the defendant's notice of appeal must be filed within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(3). A motion challenging the validity of a guilty plea is one of the requests for relief that a defendant can make in a post-sentence motion. Pa.R.Crim.P. 720(B)(1)(a)(i).

_____

[7] We note that **Birchfield** may also implicate the legality of a sentence and such issues cannot be waived. **Commonwealth v. Dickson**, 918 A.2d 95, 99 (Pa. 2007). Moreover, we may raise legality issues *sua sponte* on appeal. **See Commonwealth v. Foster**, 17 A.3d 332, 342 (Pa. 2011) (sentencing issues relating to court's statutory authority to impose sentence implicate legality of sentence); **see also Commonwealth v. Dickson**, 918 A.2d 95 (exception to issue-preservation requirement exists where challenge is one implicating legality of defendant's sentence).

Instantly, Marshall did not file a post-sentence motion within 10 days after sentence was imposed. Pa.R.Crim.P. 702(A)(1). Therefore, he had to file a notice of appeal within 30 days following sentencing, or by July 1, 2016. *See* Pa.R.Crim.P. 720(A)(3). Instead of filing a notice of appeal, Marshall filed a "Motion to Withdraw Plea *Nunc Pro Tunc*" thirty days after sentencing.

Under 42 Pa.C.S. § 5505, "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. While Marshall filed his motion seeking *nunc pro tunc* relief within the timeframe under section 5505 and before any appeal had been taken, the trial court did not rule on Marshall's request to withdraw his guilty plea *nunc pro tunc* until August 25, 2016 – 85 days after imposition of Marshall's sentence. Because any decision by the trial court to modify, rescind or vacate the sentence had to have been rendered within 30 days of the imposition of sentence, the trial court did not have jurisdiction to act after July 1, 2016. Therefore, the court's August 25, 2016 order granting Marshall's motion to withdraw his plea, its September 7, 2016 order reinstating Marshall's guilty plea and sentence, and its December 19, 2016 order reinstating Marshall's plea and sentence and granting him the right to file *nunc pro tunc* post-trial motions are not valid as the court did not have jurisdiction to enter those orders.

Accordingly, because Marshall did not file his notice of appeal within 30 days of the trial court's June 1, 2016 judgment of sentence, his appeal must be quashed. **See** Pa.R.A.P. 903(a) (notice of appeal **shall** be filed within 30 days after entry of order from which appeal taken); Pa.R.A.P. 902 ("Failure of an appellant to take any step **other than the timely filing of a notice of appeal** does not affect the validity of the appeal[.]").

Appeal quashed.[8]

_____

[8] We note that the affidavit of probable cause indicates that:

> The defendant was transported to York Hospital for a blood draw to determine his B.A.C. On 11/26/15, at approximately 0025hrs we arrived at York Hospital. At approximately 0030hrs I read MARSHALL his implied Consent and [**Commonwealth, Dep't of Trans. v.**] **O'Connell** Warnings where he agreed to a blood test. At 0033hrs two (2) grey top tubes of blood were drawn from MARSHALL'S left arm by a Phlebotomist. He was then transported back to the checkpoint to be processed by the York County Sheriff's Department.

Affidavit of Probable Cause, 11/29/15. The **O'Connell** warnings are contained on Pennsylvania's DL-26 form, which provides that if a person refuses to consent to a blood test, his or her license could be suspended for at least one year and that, if convicted of violating 75 Pa.C.S. § 3802(a), he or she will face more severe penalties because of the refusal. Thus, **Birchfield** could potentially be implicated in Marshall's guilty plea to his DUI offenses. However, because Marshall has failed to file timely post-trial motions or a timely direct appeal, the only conceivable recourse is a timely filed Post Conviction Relief Act Petition. **See** 42 Pa.C.S. §§ 9541-9546.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2017